UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

---------------------------------X

| | | |
|---|---|---|
| MICROCANNER, LLC | : | Case No.: |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| Micro Can Limited, | : | |
| Neal H. Knapp, LLC d/b/a | | |
| Brew-Bev Consulting & Equipment Sales | | |
| | | |
| Defendants. | : | |

---------------------------------X

Plaintiff Microcanner, LLC ("Microcanner" or "Plaintiff"), by and through its attorneys, Widerman Malek, P.L., for its Complaint against Defendants Micro Can Limited ("Micro Can") and Neal H. Knapp, LLC d/b/a Brew-Bev Consulting & Equipment Sales ("Brew-Bev") (collectively, "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for infringement of Plaintiff's trademark MICROCANNER under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) for unfair competition and false designation of origin and for substantial and related claims of violation of the Michigan Consumer Protection Act, codified at § 445.901 et seq. and under the statutory and common laws of the State of Michigan, all arising from the Defendants' unauthorized use of the mark MICROCAN in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Micro Can's canning machine.

2. Plaintiff has been offering automated beverage canners under the trademark "Microcanner" since 2014. Sales of Plaintiff's world class automated beverage canners have been continuous since 2015. Plaintiff's advertising on ProBrewer.com, a resource for the beer industry that provides news and connects brewers, has been continuous since 2015. Plaintiff's world class automated beverage canners have been distributed throughout the continental United States, in Canada and Argentina.

3. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

4. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff, Microcanner, LLC is a limited liability company formed under the laws of Michigan and does business in Michigan and throughout the United States. Plaintiff is in the business of development, sales, and service of automated beverage canners. Plaintiff has been in business and utilizing the trademark MICROCANNER since 2014.

7. Plaintiff's clientele comprises a wide variety of consumers including breweries, wineries, kombucha producers, farms, florists, and restaurants.

8. Plaintiff is the senior user of the MICROCANNER trademark.

9. Upon information and belief, Defendant Micro Can Limited, is a limited company formed under the laws of the United Kingdom and does business in the United States and the United Kingdom through Micro Can Limited.

10. Upon information and belief, Defendant Brew-Bev is a business formed under the laws of Florida and does business in the State of Michigan.

11. Upon information and belief, Defendant Brew-Bev is a consulting firm that plans and builds breweries, distilleries, wineries, and packaging lines that has agreed with Micro Can to distribute its automated canning machines in the United States, including the State of Michigan. In conjunction with Micro Can, Brew-Bev is using the MICROCAN name in the advertising, marketing, and promotional materials for Micro Can's canning machines.

## FACTS

12. Plaintiff is a developer, distributor, and servicer of automated beverage canners throughout the United States, Canada, Mexico and Argentina under the MICROCANNER mark.

13. Within the United States, Plaintiff's customers are located in every state except Idaho, Wyoming, North and South Dakota and Louisiana.

14. Plaintiff is the senior user of the MICROCANNER Mark for automated beverage canners and the development, distribution, and service of said canners.

15. Plaintiff has used the MICROCANNER mark in commerce throughout the United States, in Canada, Mexico and Argentina, continuously since 2014 in connection with the

manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of automated beverage canners. Attached hereto as **Exhibit A** are photographs and copies of representative samples of Plaintiff's automated beverage canners and website showing Plaintiff's use of the MICROCANNER Mark in connection with these automated beverage canners.

16. As a result of its widespread, continuous, and exclusive use of the MICROCANNER Mark to identify its automated beverage canners and Plaintiff as their source, Plaintiff owns valid and subsisting common law rights to the MICROCANNER Mark.

17. Plaintiff's MICROCANNER Mark is distinctive to both the consuming public and Plaintiff's trade as Plaintiff has used the Mark in a continuous and deliberate manner prior to any use by the Defendants.

18. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the automated beverage canners sold under the MICROCANNER Mark including through marketing and advertising on www.ProBrewer.com, tradeshows, Facebook, YouTube, Instagram, and various other promotional efforts and channels throughout the years to reach brewers across the United States and reaching into Canada, Mexico, and Argentina.

19. Plaintiff distributes and sells the automated beverage canners under the MICROCANNER Mark in multiple channels of commerce including online, through tradeshows, and through third-party distributors.

20. Plaintiff's MICROCANNER automated beverage canners have been installed in at least 291 locations across the globe.

21. Plaintiff offers and sells its automated beverage canners under its MICROCANNER Mark to breweries and other creative beverage canners.

22. The automated beverage canners Plaintiff offers under the MICROCANNER Mark are of high quality and is the only system to monitor independent can fill levels that are able to digitally adjust fill levels in real time. Additionally, Plaintiff's automated beverage canner boasts a unique valve system that minimizes material waste. With Plaintiff's automated beverage canner low fills are almost unheard of.

23. Plaintiff is known for and provides top quality service and support to its customers. In addition to premiere machinery, Plaintiff offers free video and virtual training, free and prompt video tech calls for support are also available even if Plaintiff's machine was purchased second-hand. Moreover, after the warranty expires, Plaintiff offers owners of their automated beverage canner replacement parts at cost.

24. As a result of Plaintiff's expenditures and efforts, the MICROCANNER Mark has come to signify the high quality of the automated beverage canners designated by the MICROCANNER Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.  <u>Defendants' Unlawful Activities</u>

25. Upon information and belief, Defendant Micro Can is engaged in the sale and distribution of automated beverage canners across the globe including the United Kingdom and the United States.

26. Upon information and belief, Defendant Micro Can engaged Defendant Brew-Bev as its distributor in the United States.

27. Together, Defendant Micro Can and Defendant Brew-Bev are infringing on Plaintiff's MICROCANNER Mark by selling automated beverage canners under the nearly identical and confusingly similar mark, MICROCAN.

28. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its MICROCANNER Mark, Defendant Micro Can adopted and began using a confusingly similar mark to Plaintiff's MICROCANNER Mark. The Mark adopted and used, in US commerce, by Defendants is the MICROCAN mark (hereinafter, the "Infringing Mark").

29. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its MICROCANNER Mark, Defendant Brew-Bev began using the Infringing Mark that is confusingly similar to Plaintiff's MICROCANNER Mark.

30. Defendant Micro Can filed its trademark application for the mark MICRO CAN on October 29, 2019 pursuant to Section 44(d) of the Trademark Act, 15 U.S.C. §1126(d). Micro Can has admitted in its application that as of October 29, 2019 it only intended to use the mark in commerce in the United States. Plaintiff has been using the MICROCANNER Mark for at least

four years prior to Micro Can even applying for its mark, on an intent to use in commerce basis. Defendant's application resulted in Registration No. 6071483 based upon its trademark application filed in the United Kingdom and without any allegation of use in commerce in the United States. Attached hereto as **Composite Exhibit B** is a true and correct copy of the Trademark Application and the Certificate of Registration for Registration No. 6071483.

31. The Infringing Mark adopted and used by Defendants is confusingly similar to Plaintiff's MICROCANNER Mark. The marks are confusingly similar in their meaning, spelling, sound, and overall commercial impression.

32. Upon information and belief, Defendant Micro Can has been engaged in the manufacture, distribution, advertising, promotion, offering for sale, and sale of automated beverage canners using the Infringing Mark throughout the United States after Plaintiff's first use of the MICROCANNER Mark. Attached hereto as **Exhibit C** are true and correct photographic depictions and copies of representative email marketing, social media promotion, website promotion showing Defendant's use of the Infringing Mark.

33. Upon information and belief, Defendant Brew-Bev agreed with Defendant Micro Can to distribute Defendant Micro Can's automated beverage canners only *after* a failed attempt to become Plaintiff's distributor on or around July 16, 2019.

34. Upon information and belief, the automated beverage canners Defendant Micro Can has manufactured, distributed, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are direct competitors to Plaintiff's automated beverage canners. The automated beverage canners sold by Defendant Micro Can are not only used in the same

industry, marketed to the same consumers, they are also direct competitors marketed in such a way that confusion by consumers is the intent of Defendant Micro Can.

35.     The automated beverage canners sold by Defendant Brew-Bev are not only used in the same industry, marketed to the same consumers, they are also direct competitors marketed in such a way that confusion by consumers is the intent of Defendant Brew-Bev.

36.     Upon information and belief, Defendant Micro Can has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold its automated beverage canners under the Infringing Marks through multiple channels of commerce including online, through tradeshows, and through distributors.

37.     Upon information and belief, Defendant Brew-Bev has distributed, provided, marketed, advertised, promoted, offered for sale, and sold Defendant Micro Can's automated beverage canners under the Infringing Marks through multiple channels of commerce including online, via social media, through tradeshows, and through traditional retail sales at their Cape Coral, Florida location.

38.     Upon information and belief, Defendants offer and sell automated beverage canners under the Infringing Marks to consumers through the same trade channels and to the same classes of consumers that Plaintiff sells to, breweries and other creative beverage canners.

39.     Upon information and belief, the automated beverage canners Defendants offer under the Infringing Marks are not of the same caliber or quality nor supported by the same level of customer service as the automated beverage canners and the service for those machines that Plaintiff provides.

40. On February 5, 2021, Plaintiff's counsel sent a cease and desist letter to Defendant Micro Can objecting to its use of the Infringing Mark. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's counsel's February 5, 2021 cease and desist letter to Defendant Micro Can.

41. To date, Plaintiff has received two responses to its cease and desist letter. First, on or about February 5, 2021, a representative from Micro Can agreed to change the name of their product requesting "can you ask microcanner [sic] what they would like us to be called." The second response, received on or about February 18, 2021, from Defendant Micro Can's legal representation asserted that no infringement has occurred. Attached hereto as **Exhibit E** is a true and correct copy of the response received on or about February 5, 2021 and as **Exhibit F** is a true and correct copy of the response received on or about February 18, 2021.

42. Defendants' infringing acts as alleged herein have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' automated beverage canners. Further, Defendants' infringing acts have and are likely to continue to deceive the relevant consuming public into believing, mistakenly, that Defendants' automated beverage canners originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

43. Defendants' infringing acts as alleged herein have resulted in actual confusion. A customer of Micro Can, from Illinois, who purchased an automated beverage canner from Defendant Micro Can, complained to a business associate of Plaintiff that they were not receiving support from Plaintiff for their machine, when in actuality the customer purchased the machine from Defendant Micro Can.

44. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's MICROCANNER Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's automated beverage canner to Defendants.

45. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**COUNT ONE - Federal Unfair Competition**

46. Plaintiff repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' automated beverage canners, and is likely to cause consumers to believe, contrary to fact, that Defendants' automated beverage canners are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

48. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

49. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

50. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

52. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO – Cancellation of Trademark Registration under 15 U.S.C. § 1064**

53. Plaintiff repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

54. Defendant Micro Can's registration should be cancelled because Plaintiff is the senior user of the mark.

55. Defendant Micro Can's Infringing Mark should be cancelled because Defendant's Mark comprises a mark which so resembles Plaintiff's previously used MICROCANNER Mark as, when used in connection with Defendant Micro Can's automated beverage canner, is and has caused confusion and will likely continue to cause confusion, mistake, or deception within the meaning of 15 U.S.C. § 1052(d), and to cause damage to Plaintiff thereby.

### COUNT THREE – Violation of the Michigan Consumer Protection Act

56. Plaintiff repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

57. Under the Michigan Consumer Protection Act, codified at § 445.901 et seq., unfair, unconscionable, or deceptive methods, acts, or practices in trade and commerce are unlawful.

58. Defendants' use of a confusingly similar mark to Plaintiff's MICROCANNER Mark as alleged herein is the epitome of unfair, unconscionable, and deceptive methods, acts, or practices in trade and commerce.

59. Defendants' use of a confusingly similar mark to Plaintiff's MICROCANNER Mark as alleged herein has damaged and will continue to damage, unless enjoined, Plaintiff's MICROCANNER Mark by undermining and damaging the goodwill associated therewith.

60. Plaintiff is entitled to, among other relief, a declaratory judgment that the Defendants' actions are unlawful under § 445.903, an award of actual damages, and reasonable attorneys' fees, and costs of the action under § 445.903, and § 445.911, Michigan Statutes.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendants have violated the Michigan Consumer Protection Act by using a nearly identical trademark to Plaintiff's MICROCANNER Mark.

3. Granting an injunction and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote automated beverage canners bearing the mark MICROCAN or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MICROCANNER mark;

b. engaging in any activity that infringes Plaintiff's rights in its MICROCANNER mark;

c. engaging in any activity constituting unfair competition with Plaintiff;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' automated beverage canner is in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff; or (ii) Plaintiff's automated beverage canner is in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

e. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so; and

  f. aiding, assisting, or abetting any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/ or services with Plaintiff or tend to do so; and

  g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f)

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's automated beverage canners

5. Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark MICROCAN or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MICROCANNER mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark MICROCAN or any other mark that

is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's MICROCANNER mark, and to immediately remove them from public access and view.

6.     Directing that Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark MICROCAN or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's MICROCANNER Mark.

7.     Directing Defendant to cancel with prejudice any and all of its registrations for the mark MICROCAN or any mark consisting of, incorporating, or containing Plaintiff's MICROCANNER mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8.     Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of US TRADEMARK REGISTRATION NO. 6071483 and any and all other federal registrations for the mark MICROCAN or any mark consisting of, incorporating, or containing Plaintiff's MICROCANNER mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by Defendants.

9.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

10. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11. Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

12. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

13. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

14. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

15. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues so triable.

Dated:   March 10, 2021

Respectfully submitted,

_____
Mark F. Warzecha
Widerman Malek, PL
*Attorneys for* Microcanner, LLC
1990 W. New Haven Ave.,
Second Floor
Melbourne, Florida 32904
321-255-2332
MFW@USLegalTeam.com