# Exhibit D

# WIDERMAN MALEK
## ATTORNEYS AT LAW

Please Reply To:
Melbourne Office
1990 W. New Haven Ave.
Second Floor
Melbourne, FL 32904
321.255.2332

February 5, 2021

**Sent Via US Mail and via Email to:**
info@microcan.co.uk

Micro Can Limited
c/o Warren John Stanley
Unit 39 Bradley Court
Bradley Fold
BOLTON
BL2 6RT

   Re: Our Client: Microcanner, LLC
     Our File No.: 5831.00001

Mr. Stanley,

  Please be advised that this firm has been retained by Microcanner, LLC regarding your sale of canning machines under the name "Microcan". My client has been selling canning machines under the name "Microcanner" since at least as early as 2015, years before your use of the mark "Microcan". Therefore, my client is the senior user and has superior common law rights to the trademark, Microcanner. Microcan is confusingly similar to and nearly identical to Microcanner. In fact, actual confusion between my client and your company has already occurred due to your use of the nearly identical mark.

  As stated above, the facts as currently known, clearly show that my client has superior rights to the mark Microcanner and has used the mark in commerce throughout the United States years before your use. In fact, your current distributor contacted my client in 2019 in an effort to become an authorized re-seller of Microcanner equipment.

  § 43(a) of the Lanham Act, 15 U.S.C. § 1125, "forbids unfair trade practices involving infringement of trade dress, service marks or trademarks, even in the absence of a federal trademark registration." *Univ. of Fla. v. KPB, Inc.*, 89 F.3d 773, 775-76 (11th Cir 2001). To succeed on an unfair competition claim, it must be shown that my client 1) has prior rights to the mark at issue and 2) Microcan Limited has adopted a mark or name that was the same or confusingly similar to its mark, such that consumers are likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.,* 261 F.3d 1188, 1193 (11th Cir. 2001). The current facts clearly show that Microcan Limited is in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.

  Your trademark Registration No. 6071483 is not dispositive of the current situation as trademark rights in the United States are based upon first use in commerce and not who first obtains a registration. Furthermore, admissions made during the



Micro Can Limited
c/o Warren John Stanley
February 5, 2021
Page 2 of 2
_____

prosecution history of your trademark application support the fact that you are not the senior user of the mark in the U.S, specifically your reliance on your U.K. trademark application under §44(d) and not actual use in U.S. commerce under §1(a).

      Therefore, demand is hereby made that you cease and desist from any and all use and future use of the mark "Microcan" or any confusingly similar trademark or tradename, expressly abandon your trademark Registration No. 6071483 for Microcan, cease in engaging in the marketing or advertising the sale of canning machines under the mark, Microcan, aiding or assisting any individual or entity in doing any of the foregoing prohibited acts and transfer any and all domain or social media accounts that incorporate the term Microcan to my client.  Written assurances of your agreement to the foregoing are requested within 10 days of the date of this letter.

      My client reserves any and all rights it may have in law or equity.

      Sincerely,

      **WIDERMAN MALEK, PL**

      Mark F. Warzecha
      MFW@USLegalTeam.com

MFW:kcj


