# Exhibit F



LAW OFFICES OF
# MANDOUR & ASSOCIATES
## INTELLECTUAL PROPERTY LAW

16870 WEST BERNARDO DRIVE, SUITE 400
SAN DIEGO, CALIFORNIA 92127
TEL: (858) 487-9300
WWW.MANDOURLAW.COM

BEN T. LILA
BLILA@MANDOURLAW.COM

February 18, 2021

Mark F. Warzecha
WIDERMAN MALEK, PL
1990 W. New Haven Ave., Second Floor
Melbourne, FL 32904
Telephone: (321) 255-2332
Email: MFW@USLegalTeam.com

      Re:    **Microcanner, LLC**
                 Our File No.: Micro Can/4569.02-001

Dear Mr. Warzecha:

We represent Micro Can Limited ("Micro Can") and are responding to your letter dated February 5, 2021 regarding your client Microcanner, LLC ("Microcanner"). Please direct all correspondence in this matter to the undersigned.

Please be advised that our client respects the intellectual property rights of others and therefore takes the allegations contained in your letter very seriously. After due consideration, we disagree with your claim that any purported right of Microcanner has been infringed. Our client would in no way appear to be affiliated with Microcanner.

As a threshold matter, Micro Can denies Microcanner's unevidenced claim of prior use. In any case, any alleged common law rights would be limited in geographic scope. As you may know, trademarks must be compared to determine if they are related or if the activities surrounding their marketing are such that consumer confusion as to origin is likely. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). Under the *Sleekcraft* factors, the purported MICROCANNER trademark could not possibly extend to any mark used by our client. The trademarks are different in sight and sound. Our client was not previously aware of Microcanner. Any sales are distinguishable from Microcanner's sales. Microcanner's consumers are in different channels of trade. Moreover, such consumers are likely to have a high degree of care when purchasing such products.

© 2013 Mandour & Associates, APC

Mark F. Warzecha
WIDERMAN MALEK, PL
February 18, 2021
Page 2

Moreover, any claim of exclusive use or common law rights by your client is clearly subsumed by a cursory online search which reveals countless uses of similar marks with related products. Our client is further unaware of any actual consumer confusion.

Based on the foregoing, our client rejects Microcanner's claim of a likelihood of consumer confusion and respectfully declines to cease use.  We will consider the matter closed.

Please be advised that nothing herein shall constitute an admission of any kind, or a waiver or relinquishment of any rights, claims or defenses, which our client may have regarding this matter, all of which are expressly reserved.

Respectfully,

Ben T. Lila
Mandour & Associates, APC

cc: Micro Can Limited

© 2013 Mandour & Associates, APC